IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK
PRODUCTS LIABILITY LITIGATION  MDL NO. 1968

THIS DOCUMENT
RELATES TO:
PLAINTIFF: PHILLIP C. EDMUNDS  Civil Case No. 2:10-0207

## COMPLAINT BY ADOPTION FOR PHILLIP C. EDMUNDS

1. Plaintiff, PHILLIP C. EDMUNDS, states his claims against Defendants, indicated below, and incorporates by reference the relevant portions of the Master Consolidated Complaint for Individuals (the "Master Complaint") on file with the Clerk of the Court for the United States District Court for the Southern District of West Virginia, Charleston Division in the matter entitled In Re DIGITEK PRODUCTS LIABILITY LITIGATION, Docket # MDL No. 08-1968.

2. Plaintiff, PHILLIP C. EDMUNDS, is a citizen and resident of the State of Utah, and claims damages as set forth below.

   a. Plaintiff, BERTHA EDMUNDS, is a citizen and resident of the State of Utah, and claims damages for loss of consortium.

## ALLEGATIONS AS TO INJURIES

3. Plaintiff, PHILLIP C. EDMUNDS, has suffered injuries as a result of having been prescribed and/or ingested Digitek® (digoxin) marketed, designed, manufactured, produced, supplied and sold by Defendants. Defendants, listed below, by its/their actions or inactions proximately caused Plaintiff's injuries.

4. As a result of the injuries that Plaintiff has sustained, he is entitled to recover compensatory, equitable and/or other relief.

5. In or about March, 2008, Plaintiff had the above referenced Digitek® prescribed by Lynn Nimer, M.D., and the prescription was filled by Wal-Mart Pharmacy on or about November 6, 2007.

6. As a result of the Defendants' actions, Plaintiff suffered injury and damages as set forth in the Master Complaint.

7. To the extent that this Complaint by Adoption includes a claim for loss of consortium, Plaintiff, BERTHA EDMUNDS, is entitled to recover compensatory, equitable and/or other relief.

## ALLEGATIONS AS TO DEFENDANTS

8. The following entity is named as Defendant herein and the allegations with regard thereto in the Master Complaint are herein adopted by reference.

    __X__ ACTAVIS TOTOWA, LLC

    __X__ ACTAVIS INC.

    __X__ ACTAVIS ELIZABETH, LLC

    __X__ MYLAN, INC.

    __X__ MYLAN PHARMACEUTICALS, INC.

    __X__ MYLAN BERTEK PHARMACEUTICALS INC.

    __X__ UDL LABORATORIES, INC.

    _____ OTHER (**Defendant allegations to be set forth on an attached document and incorporated by reference**)

## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

9. The following claims and allegations asserted in the Master Complaint and the allegations with regard thereto in the Master Complaint are herein adopted by reference:

___X___ INTRODUCTION;

___X___ PARTIES;

___X___ JURISDICTION AND VENUE;

___X___ FACTUAL ALLEGATIONS;

___X___ COUNT ONE (Product Liability – Failure to Warn and Instruct);

___X___ COUNT TWO (Product Liability - Manufacturing Defect);

___X___ COUNT THREE (Product Liability-Design Defect);

___X___ COUNT FOUR (Negligence);

___X___ COUNT FIVE (Negligence Per Se);

___X___ COUNT SIX (Breach of Implied Warranty);

___X___ COUNT SEVEN (Breach of Express Warranty);

___X___ COUNT EIGHT (Negligent Misrepresentation);

___X___ COUNT NINE (Intentional Misrepresentation);

___X___ COUNT TEN (Fraud);

___X___ COUNT ELEVEN (Constructive Fraud);

_____ COUNT TWELVE (Violation of W.Va. Consumer Protection Statute);

___X___ COUNT THIRTEEN (Violation of Applicable Consumer Protection and/or Unfair Trade Practices Statutes);

_____ COUNT FOURTEEN (Wrongful Death,);

_____ COUNT FIFTEEN (Survival Action);

___X___ COUNT SIXTEEN (Medical Monitoring);

___X___ COUNT SEVENTEEN (Unjust Enrichment);

___X___ COUNT EIGHTEEN (Medicare Secondary Payer Act);

___X___ COUNT NINETEEN (Loss of Consortium);

_____COUNT TWENTY (State Law Specific Cause of Action or Other Cause of Action to be set forth on an attached document and incorporated by reference).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment favor against Defendants as follows:

1. Economic and non-economic damages in an amount in excess of $75,000 as provided by law and to be supported by the evidence at trial;

2. For the equitable relief requested;

3. For compensatory damages according to proof;

4. For punitive damages;

5. For all applicable statutory damages under the Medicare Secondary Payer Act and the applicable consumer protection legislation;

6. For declaratory judgment that Defendants are liable to Plaintiffs for all evaluative, monitoring, diagnostic, preventative, and corrective medical, surgical, and incidental expenses, costs and losses caused by Defendants' wrongdoing;

7. For disgorgement of profits;

8. For an award of attorneys' fees and costs;

9. For prejudgment interest and the costs of suit; and

10. For such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Date: March 2, 2010

Respectfully submitted:
Plaintiff's Counsel

/s/ *Michael Goetz*
MICHAEL GOETZ, ESQUIRE
Florida Bar No. 963984
Morgan & Morgan, P.A.
One Tampa City Center, 7th Floor
201 N. Franklin Street
Tampa, Florida 33602
Telephone (813) 223-5505
Facsimile (813) 223-5402
E-Mail: MGoetz@forthepeople.com